320 P.2d 467

STATE of Arizona, Appellee,

v.

Celestino HERNANDEZ, Appellant.

No. 1106.

Supreme Court of Arizona.

Jan. 21, 1958.

Stokes, Bagnell & Moring, Coolidge, for appellant.

Robert Morrison, Atty. Gen., Timothy J. Mahoney, Pinal County Atty., and Beverly J. McConnell, Deputy County Atty., Florence, for appellee.

WINDES, Justice.

Celestino Hernandez, appellant, was charged with having been an accessory to the crime of kidnapping in that after having full knowledge that such crime had been committed by one Gilberto Flores he concealed it from the magistrate or harbored and protected Flores. This information charges a violation of section 13–141, A.R.S., which reads as follows:

"All persons who, after full knowledge that a felony has been committed, conceal it from the magistrate, or harbor and protect the person charged with or convicted thereof, are accessories."

To sustain a conviction of the offense charged herein the state must prove beyond a reasonable doubt that the defendant had full knowledge that Flores had committed the crime of kidnapping and thereafter either concealed it from the magistrate or harbored and protected Flores.

At the close of the state's case defendant moved for a directed verdict of acquittal upon the ground that the corpus delicti had not been proved independently of statements made by the defendant. The motion was denied and there followed a verdict of guilty. Defendant's specifications of error present the question of the correctness of the court's ruling on the motion for a directed verdict of not guilty.

██ Our most recent pronouncement of what is necessary to establish corpus delicti is in State v. Thomas, 78 Ariz. 52, 275 P.2d 408. Therein we corrected some statements in former decisions and announced the correct rule that, to establish corpus delicti, there must appear some proof (1) of a certain result, and (2) that someone is criminally responsible therefor. It is likewise the general rule that before the state can use a confession or incriminating statements of a defendant there must be submitted other evidence outside the confession or statements tending to prove corpus delicti, i. e., that someone committed the crime with which the defendant is charged and which he has confessed or admitted. Burrows v. State, 38 Ariz. 99, 297 P. 1029, quoted with approval in State v. Thorp, 70 Ariz. 80, 216 P.2d 415; State v. Romo, 66 Ariz. 174, 185 P.2d 757.

When it comes to the degree of proof of corpus delicti as a condition precedent to using the defendant's confession or statements the courts are not in agreement. In fact, it is possible to interpret the Burrows and Romo cases, supra, as not in harmony. In Burrows we said in effect that the evidence, independently of defendant's confession, must be clear and convincing. In Romo we expressly adopted a rule announced by Kansas in State v. Cardwell, 90 Kan. 606, 135 P. 597, L.R.A.1916B, 745, to the effect that the admissions may be used to assist in establishing corpus delicti providing the other evidence tends to corroborate the admissions. It is generally held that the independent evidence does not have to prove corpus delicti beyond a reasonable doubt, but that some corroboration of the confession or statements is necessary. The authorities split on the necessary quantum of corroboration. Some state it must be sufficient to convince a jury that the charge is not imaginary; others it is adequate if the independent evidence establishes the corpus delicti to a probability; others it need not be established by a preponderance of the evidence. It has been stated that slight or prima facie evidence is adequate. 2 Wharton's Criminal Evi-

282

dence, section 394; People v. Mehaffey, 32 Cal.2d 535, 197 P.2d 12; Annotation, 45 A.L.R.2d 1316.

■ From a review of the holdings of the various jurisdictions we believe that the correct rule while expressed differently by the respective courts is that the foundational proof by independent evidence is adequate for the purpose of allowing the use of confession or incriminating statements if it is sufficient, assuming it is true, to warrant a reasonable inference that the crime charged was actually committed by some person. If such preliminary proof has been submitted the confession or statements may then be used to assist in proving the corpus delicti beyond a reasonable doubt, the degree necessary for conviction. To the extent that Burrows v. State or State v. Thorp, supra, require the independent proof to be clear and convincing they are disapproved.

■ In the instant case the only evidence outside the statements of defendant is that of deputy sheriff Johnny Francis to the effect that the defendant earlier in the evening was seen at a bar with Flores, and the testimony of witness Julia Amarillas to the effect that she saw Flores forcibly take the victim from her home and that someone else was in the car which was used to accomplish the act of kidnapping. This falls far short of authorizing a reasonable inference that anybody committed the crime charged in the information. There is nothing in this independent evidence tending in the slighest degree to establish that anybody concealed the kidnapping from the magistrate or harbored and protected the kidnapper. The language used by the Indiana Supreme Court in Dennis v. State, 230 Ind. 210, 102 N.E.2d 650, 655, in reversing a confession for accessory after the fact because there was insufficient evidence aside from the defendant's statement to prove corpus delicti is especially applicable in the case at bar. Therein the court said:

"If the statement signed by appellant in the police station is eliminated, there is no evidence from which even a proper inference could be drawn which would tend to show that anyone harbored or concealed Sam Dennis (the principal offender) or in any way assisted him to escape detection, arrest, capture, or punishment."

■ The state argues that since defendant did not object to the introduction of his statements at the time they were offered he has waived his right to question their admissibility for the purpose of proving corpus delicti. While we recognize the familiar rule that if incompetent or inadmissible evidence is allowed without objection one thereby waives his right to question the same, yet, we do not feel that

such rule is here applicable. The statements were admissible in the event proof of corpus delicti were ultimately submitted. Whether it should be allowed at the particular time is merely a matter of the order of proof and not of its admissibility. A defendant might well not object at the time on the theory that before the state closes the proof of corpus delicti would be supplied.

Judgment reversed with direction to dismiss the information.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.