402 P.2d 418

STATE of Arizona, Appellee,

v.

Lloyd K. HANKEY, Appellant.

No. 1361.

Supreme Court of Arizona.

In Division.

May 27, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Stirley Newell, Former Asst. Atty. Gen., Phoenix, for appellee.

John J. Murphy, Phoenix, for appellant.

LOCKWOOD, Chief Justice:

The defendant was charged with two counts of forgery. He was tried by a jury which convicted him of one count. This appeal is from denial of the defendant's motion for new trial and from the judgment and sentence.

State's witness Edward Rebel was owner of the Harmony Inn Bar at 2522 East Washington Street where he was working on the 13th day of October. He testified the defendant presented to him a check purportedly signed by "Jos. F. Lancer", for payment for beer, and an excess in cash. The witness stated defendant was "promoting Lancer Beer". The witness gave the defendant approximately $35.00 in cash after deducting the $15.00 the defendant had spent buying beer for customers of the Harmony Inn.

The witness also testified that he cashed a second check for one Paul McHugh who had cashed it for defendant at another bar. Later McHugh and the witness found the defendant at a bar next door to the Grand Hotel. Rebel said to defendant "What are you going to do about these checks?" The defendant stated that the checks were good.

However, witness and McHugh insisted they wanted their money immediately, although defendant offered to make the checks good.

In the meantime the bartender called the police. When the defendant learned they had been called he started to run and he fell down. The police arrived, put handcuffs on the defendant and put him in the police car.

Joe Lanser, Jr. who was Vice President of the Arizona Brewing Company testified on behalf of the prosecution. He stated that he did not sign the check, and had given no one authority to do so. He also testified that the Arizona Brewing Company had no account at the First National Bank of Arizona.

Franklyn F. Lane, a police officer of the City of Phoenix, who took the defendant into custody testified that he had a conversation with the defendant at 502 East Washington Street between 7:00 and 7:30 P.M. on October 13, 1962. Present at the time of that conversation was Lieutenant Langevan, a police department sergeant, Mr. McHugh, Mr. Rebel and several other people. Lane stated the conversation

"* * * was in reference to the defendant and the checks that he had, and then there was the two subjects Mr. McHugh and Mr. Rebel they were there, and it was kind of a confused conversation. * * * But the exact

extent of it I can't recall exactly, but it was in reference to the checks and the ones he had in his pocket and stuff like that.

\* \* \* \* \* \*

"We searched him down and put him in the car. I pulled out—he had a couple of checks in his pocket. And I asked him if he had wrote them and he said, 'Yes.' "

This officer testified that he had another conversation with the defendant in the Detective Bureau at the Police Department in the interrogation room at approximately 7:30 P.M. shortly after the arrest. No one else was present.

The prosecution asked the police officer: "Now would you tell us what was said at that time, sir?" The court interrupted and asked the parties to go into chambers

"in order to make a preliminary determination as to what the extent of the conversation is that has been requested \* \* \* as to whether or not its going to concern an admission or a confession and whether or not it was in fact voluntary and was a confession."

After the hearing in chambers, at which the officer testified that no force or coercion was used, and no evidence was adduced of involuntariness, the officer resumed the stand, and on direct examination before the jury, testified that the conversation in the interrogation room commenced at approximately 7:30 P.M. and that at all times since the arrest the defendant had been in police custody. The officer said he used no force or coercion or pressure on the defendant "to obtain a statement from him" and no one else used any pressure or force to obtain the statement from the defendant. He testified:

"A. Well, he says, 'I don't mind helping you out. I'll give you a written statement, but I'll not sign it.'

"Q. Did he give a written statement, sir?

"A. He did.

"Q. Did he ever sign it?

"A. No. Whenever his name came up he printed his name in and continued to write the rest of the statement, three pages."

In his first assignment of error the defendant claims that the trial court erred in refusing to grant defendant's motion for a directed verdict based on the fact that the state failed to prove each and every material allegation, specifically that it failed to prove the incorporation of the company which allegedly was defrauded. Certainly this allegation by the defendant in his appeal is without merit.

■ Whether the victim of the alleged forgery was incorporated is immaterial. A.R.S. § 13–133 states:

"When an intent to defraud is required in order to constitute a crime or

offense, it is sufficient if an intent appears to defraud any person or body politic whatever."

Pursuant to A.R.S. § 1–215 the word "person" includes a "corporation, company, partnership, firm, association or society as well as a natural person."

The defendant also contends that the trial court erred by admitting a confession of the defendant. His only basis for objection to the admission of this confession was that the confession was admitted before the corpus delicti had been established. This confession consisted of the defendant's written and oral statements to the effect that the checks were fictitious and that the defendant had written them and that he had no authority to sign them.

As we said in State v. Hernandez, 83 Ariz. 279, 320 P.2d 467:

"It is generally held that the independent evidence does not have to prove corpus delicti beyond a reasonable doubt, but that some corroboration of the confession or statements is necessary.

\* \* \* \* \* \*

"From a review of the holdings of the various jurisdictions we believe that the correct rule while expressed differently by the respective courts is that the foundational proof by independent evidence is adequate for the purpose of allowing the use of confession or incriminating statements if it is sufficient, assuming it is true, to warrant a reasonable inference that the crime charged was actually committed by some person. If such preliminary proof has been submitted the confession or statements may then be used to assist in proving the corpus delicti beyond a reasonable doubt, the degree necessary for conviction."

In State v. Weis, 92 Ariz. 254, 375 P.2d 735 we stated:

"The criminal agency of the person charged with the crime is not a necessary element of corpus delicti. \* \* \* The confession or incriminating statements of a defendant may be used to assist in establishing the corpus delicti, but before such statements are admissible there must be independent evidence tending to prove corpus delicti. This evidence is sufficient if it will warrant a reasonable inference that the crime charged was actually committed by some person."

We have defined the term "corpus delicti" as meaning that the crime charged has been committed. State v. Thomas, 78 Ariz. 52, 275 P.2d 408, Cert. Denied, 350 U.S. 950, 76 S.Ct. 326, 100 L.Ed. 828, Overruled on another ground in State v. Pina, 94 Ariz. 243, 383 P.2d 167. See also Glasgow v. State, (Criminal Court of Appeals of Oklahoma) 328 P.2d 185.

The prosecution introduced in evidence the check heretofore referred to drawn on the First National Bank of Arizona. The prosecution also introduced evidence to the effect that the Arizona Brewing Co., Inc. did not have an account at the First National Bank of Arizona. It would appear to us that this evidence in itself is sufficient to warrant a reasonable inference that the crime charged was actually committed by some person as required. We thus hold that the defendant's claim that his confession was admitted without the state establishing the corpus delicti by independent evidence is without merit.

In view of our holding regarding the establishing of the corpus delicti and the admission of the defendant's confession, of necessity the defendant's claim that the state failed to show beyond a reasonable doubt his lack of authority to sign the name of the alleged victim to the check in question must also fall.

The defendant also claims that the trial court erred in failing to grant a new trial for the reason that there was a material and prejudicial variance between the pleadings and the proof. The information alleged the name of the victim to be the A-1 Brewing Co. and the defendant claims that the evidence adduced at the trial showed that the name of the victim was Arizona Brewing Co. This claim of variance was not raised during the trial. The defendant alleges that this variance exposes the defendant to a second trial on the same charge. We believe that this claim by the defendant is without merit, in that the record refers to the alleged victim interchangeably as Arizona Brewing Co., A-1 Brewery and Lancers and it was shown that Arizona Brewing Co. produced both A-1 and Lancers Beer.

Rule 147 of the Arizona Rules of Criminal Procedure, 17 A.R.S. provides that:

"Either the defendant or the county attorney is entitled, upon motion after final verdict and before sentence is pronounced or the defendant is discharged, to have the indictment or information amended to state the particulars of the offense, as proved, in such a manner that the indictment or information shall without evidence aliunde be sufficient to bar subsequent prosecution for the same offense constituted by the same particulars."

Since the defendant made no such request after the final verdict and before sentence and since the transactions which made up the crime of which the defendant was convicted are clear from the record we find this contention is also without merit.

Affirmed.

STRUCKMEYER, V. C. J., and UDALL, J., concurring.