517 P.2d 1261

**Rennia WRIGHT, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA; Charles D. Roush, Judge of the Superior Court In and For The County of Maricopa; Moise BERGER, County Attorney For the County of Maricopa, Real Party in Interest; State of Arizona, Respondents.**

**Charles Sam RIGGINS, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA; Myron Shapiro, Judge of the Superior Court In and For The County of Maricopa; Moise BERGER, County Attorney For the County of Maricopa, Real Party in Interest, State of Arizona, Respondents.**

**Nos. 11399, 11404.**

Supreme Court of Arizona,
In Banc.

Jan. 9, 1974.

Ross P. Lee, Maricopa County Public Defender, by T. Clark Dove, Deputy Public Defender, Phoenix, for petitioners.

Moise Berger, Maricopa County Atty., by Vincent H. Tolino and Gregory H. Martin, Deputy County Attys., Phoenix, for respondents.

HOLOHAN, Justice.

The petitioners are each defendants charged in separate informations with felony offenses. Each of them has given notice that evidence in support of the defense of alibi will be offered at trial, but petitioners, through counsel, have refused to make available to the prosecutor the names, addresses, and statements of the alibi witnesses. The prosecutor in each instance has secured a court order requiring disclosure by the defense of the names, addresses, and statements of the alibi witnesses. Petitioners have each filed a petition for special action to prohibit the Superior Court from enforcing the order for disclosure.

We accepted jurisdiction of the special actions and consolidated them for decision.

The common question presented by these actions is whether the disclosure required of the defense violates the Due Process Clause of the Fourteenth Amendment.

In Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970) the U.S. Supreme Court upheld the constitutionality of the Florida rule which requires a defendant intending to rely on an alibi defense to furnish the prosecution with the names and addresses of witnesses intended to be called in support of the alibi.

Petitioners urge that the *Williams* decision has been narrowed by the U.S. Supreme Court in Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). In *Wardius* the Court stated:

"We hold that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants. Since the Oregon statute did not provide for reciprocal discovery, it was error for the court below to enforce it against petitioner, and his conviction must be reversed."

The petitioners contend that the 1973 Arizona Rules of Criminal Procedure 17 A.R.S. do not provide for reciprocal discovery; therefore, the Superior Court should not be allowed to require the petitioners to make disclosure of their alibi witnesses. It must be conceded that the Arizona Criminal Rules are not as specific as the Florida rules on the requirement for reciprocal discovery, but the Arizona rules do provide a means of discovery for the defense which was not provided by the Oregon statute quoted in *Wardius*.

Rule 15.2(b) of the 1973 Rules of Criminal Procedure provides:

"Within 20 days after the arraignment in Superior Court, the defendant shall provide the prosecutor with a written notice specifying all defenses as to which he will introduce evidence at trial, including, but not limited to, alibi, insanity, self-defense, entrapment, impotency, marriage, insufficiency of a prior conviction, mistaken identity, and good character. The notice shall specify for each defense the persons, including the defendant himself, whom he will call as witnesses at trial in support thereof. It

may be signed by either the defendant or his counsel, and shall be filed with the court."

Reciprocal discovery is available from the prosecution pursuant to Rule 15.1(e) which provides:

"Upon motion of the defendant showing that he has substantial need in the preparation of his case for additional material or information not otherwise covered by Rule 15.1, and that he is unable without undue hardship to obtain the substantial equivalent by other means. The court in its discretion may order any person to make it available to him. The court may, upon the request of any person affected by the order, vacate or modify the order if compliance would be unreasonable or oppressive."

Unlike the Florida rule which provides for reciprocal discovery as a matter of course, the Arizona rule provides for such reciprocal discovery upon motion of the defense. While the rule speaks in terms of "the court in its discretion" ordering the information made available, it is clear in light of *Wardius* that it would be an abuse of discretion for the court not to order the prosecution to supply to the defense the names and addresses of the State's rebuttal witnesses to be called to discredit the defendant's alibi.

Neither of the petitioners filed a motion for additional discovery under Rule 15.-1(e). Counsel for petitioners argues that under *Wardius* a defendant does not have to wonder whether he will be given reciprocal discovery or not, and once the information is given it cannot be retracted even if discovery from the prosecution is not ordered. At least in the case of petitioner Rennia Wright the position of counsel is wholly without merit.

An Omnibus Hearing was commenced in petitioner Wright's case, and at the hearing the prosecution not only demanded that the defense furnish the names and addresses of its alibi witnesses but it offered to reveal its rebuttal witness upon court order. The Superior Court thereupon ordered the

defense to disclose the names of its alibi witnesses, and the State was ordered to reveal the names of any proposed rebuttal witness. In substance the trial court had ordered reciprocal discovery. Counsel for the defense stubbornly refused to comply with the court's order. The trial court, before invoking the sanction of contempt authorized by Rule 15.7 of the 1973 Rules of Criminal Procedure, continued the hearing to permit counsel to file this special action..

In the case of petitioner Wright, the Superior Court Judge acted with sound judicial discretion in ordering reciprocal discovery. Counsel for petitioner Wright was wholly without right or logic in not complying with the orders of the Superior Court. We leave to the able trial judge, who has thus far shown commendable patience with counsel, the matter of sanctions.

The case of petitioner Charles Sam Riggins is somewhat different than that of petitioner Wright. The trial court at the Omnibus Hearing in the case of petitioner Riggins ordered the defendant to furnish the information required by Rule 15.2(b) of the 1973 Rules of Criminal Procedure. There was no order that required the State to furnish reciprocal information concerning rebuttal witnesses of the alibi defense. At no time did counsel for petitioner Riggins request that the State furnish reciprocal information concerning rebuttal witnesses, but it was not until the hearing before this Court that the State offered to furnish such information.

The order of the Superior Court in the case of petitioner Riggins should also provide for the furnishing of reciprocal information by the State of its rebuttal witnesses to the alibi defense.

The liberal discovery provided in the 1973 Rules of Criminal Procedure gives both parties ample opportunity to investigate the facts and prepare their cases for trial. The object of discovery is to assist the search for truth by providing the parties with all the evidence possible so that the crucial facts may be presented at trial and a just decision made.

*Wardius* requires that discovery be reciprocal, but discovery in a criminal case is not really a two-way street. The constitutional protections of the Fifth and Fourteenth Amendments deny to the prosecution full disclosure of information from the defense. In those area in which discovery of the defense's case is permitted, it is clear that *Wardius* requires that there be a corresponding opportunity for discovery by the defense of the prosecution's case. Nothing in the provision of the 1973 Rules of Criminal Procedure on discovery opposes this requirement of reciprocity. The rules do provide that the defense must file a motion to secure the information concerning the rebuttal witnesses of the prosecution, but it can hardly be thought a denial of due process to require this simple procedural step.

In each of the petitions the relief sought is denied, and the Superior Court will proceed in accordance with the views expressed in this opinion.

Relief denied.

HAYS, C. J., and CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.