540 P.2d 638

**STATE of Arizona, Appellee,**

v.

**Steven Gerard HELMICK, Appellant,**

**No. 2882–2.**

Supreme Court of Arizona,
In Banc.

Sept. 22, 1975.

Rehearing Denied Oct. 21, 1975.

LOCKWOOD, Justice:

Steven Gerard Helmick was found guilty by a jury of assault with a deadly weapon and first-degree burglary. He appeals from the judgment and sentence thereon.

On July 25, 1973, appellant had been drinking at the Ramada Inn East Cocktail Lounge. He left the bar indicating he would return. A short time later, he entered the bar and immediately held a knife to the throat of Della Tissaw and told the others present to lock the door. Barbara Riker attempted to lock the door but was unable to do so. Jackie Sullivan, the owner and manager of the premises, went to the door ostensibly to assist Barbara Riker, but told her instead to run, pushing her out the door. Jackie Sullivan also ran out the door whereupon appellant released Della Tissaw. As Della ran toward the door, she observed appellant stab Jackie Sullivan in the side. Della ran to the desk clerk and called for help.

When the police arrived, appellant was outside the building lying on his back on top of a large garbage container called a Dempsey Dumpster. Officer Roberts said, "Police officer, you are under arrest, drop the knife and come out of there." When appellant failed to comply, the officer repeated his order. Appellant sat up and lunged at Officer Roberts with a knife. Appellant was subdued by Officer Ronan who removed him from the dumpster.

Appellant was charged with assault with intent to commit murder while armed with a deadly weapon, two counts of assault with a deadly weapon, attempted robbery and first degree burglary. He pled guilty to an amended information charging assault with intent to commit murder while armed with a deadly weapon and assault with a deadly weapon. The remaining counts were dismissed by the County At-torney. On January 29, 1974 this court remanded the case to the Superior Court for rearraignment because appellant had not been advised that he was waiving his right to confront witnesses by entering a guilty plea. Thereafter, in the superior court, appellant was permitted to withdraw his pleas of guilty to Counts I and II. The state's motion to reinstate Counts III, IV and V was granted and appellant pled not guilty to each of the counts. The robbery count was dismissed at the omnibus hearing.

The matter was tried to a jury which returned four verdicts: (1) Not guilty by reason of insanity of the lesser included offense of assault with a deadly weapon on Jackie Sullivan; (2) Guilty of assault with a deadly weapon on Della Tissaw; (3) Not guilty of assault with a deadly weapon on Officer Roberts; and (4) Guilty of burglary. Appellant raises five assignments of error.

I

CONSTITUTIONALITY OF RULES OF DISCOVERY

Appellant first contends that the rules of discovery, 17 A.R.S., are unconstitutional and that the trial court erred in ordering the appellant to make disclosure pursuant to Rule 15.1 R.Crim.Proc. without automatic reciprocal disclosure by the state. Appellant simply states in his brief that the trial court ordered the appellant to make full disclosure to the state as per Rule 15, making no mention as to what was requested or whether the defendant requested reciprocal discovery pursuant to Rule 15.-1(e).

██ It is appellant's position that the discovery rules do not comply with the holding in *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973) requiring reciprocal discovery duties on the part of both the state and the defendant. However, in *Wright v. Superior Court,* 110 Ariz. 265, 517 P.2d 1261 (1974), we held that the Rules of Criminal Procedure provide adequate reciprocal discovery.

"The liberal discovery provided in the 1973 Rules of Criminal Procedure gives both parties ample opportunity to investigate the facts and prepare their cases for trial. The object of discovery is to assist the search for truth by providing the parties with all the evidence possible so that the crucial facts may be presented at trial and a just decision made.

"*Wardius* requires that discovery be reciprocal, but discovery in a criminal case is not really a two-way street. The constitutional protections of the Fifth and Fourteenth Amendments deny to the prosecution full disclosure of information from the defense. In those area[s] in which discovery of the defense's case is permitted, it is clear that *Wardius* requires that there be a corresponding opportunity for discovery by the defense of of the prosecution's case. Nothing in the provision of the 1973 Rules of Criminal Procedure on discovery opposes this requirement of reciprocity. The rules do provide that the defense must file a motion to secure the information concerning the rebuttal witnesses of the prosecution, but it can hardly be thought a denial of due process to require this simple procedural step." *Wright v. Superior Court,* 110 Ariz. at 267, 268, 517 P.2d at 1263, 1264.

We think the disclosure required of the prosecution under Rule 15.1 is significant and reciprocal and find no reason to depart from our decision in Wright.

## II

## MOTION TO DISMISS

██ Appellant next urges that the trial court erred in denying appellant's motion to dismiss the burglary and assault with a deadly weapon counts of the amended complaint which were reinstated after remand by this Court.

Appellant did not file his motion to dismiss these two counts until the day of trial. The trial court denied the motion on the ground that it was untimely.

It is appellant's claim that the county attorney, at the time he first pled guilty told the court that these counts were dismissed for lack of evidence. He argues that the dismissal, therefore, was with prejudice although this is not reflected in the record. The state asserts that there was a tacit plea agreement between original defense counsel and the prosecuting attorney which was not made of record due to the notoriety of the case.

We hold, however, that since these counts were dismissed prior to the adoption of the new Rules of Criminal Procedure, see 17 A.R.S., the dismissal was without prejudice under Criminal Rule 238, R. Crim.Proc. (1956).

## III

## INCONSISTENT VERDICTS

██ Appellant next contends the trial court erred in denying his motion for judgment of acquittal for the reason that the verdicts were inconsistent. Appellant argues that there was no substantial evidence from which the jury could conclude that the defendant was insane as to one count and yet sane as to the remaining counts on which he was convicted. This position is based upon his theory that he was insane on the day and the time of his offenses.

The jury found the defendant not guilty by reason of insanity of the lesser included offense of assault with a deadly weapon on Jackie Sullivan. Appellant argues that the offenses took place within the time span of approximately fifteen minutes. He was charged with three separate offenses committed against three separate individuals, a single offense charged for each victim and also charged with one separate offense against two of those individuals. Each of the charges are separate criminal acts arising out of the course of one incident.

Appellant's insanity defense was based on a claim that he was suffering from "pathological intoxication". There was medical testimony indicating that this con-

dition is an extremely abrupt one which can last minutes, hours or a whole day. The jury's verdicts, therefore, can be considered consistent. In any event, Arizona follows the overwhelming weight of authority in this country that consistency between verdicts on the several counts of an indictment is unnecessary. *State v. Zakhar,* 105 Ariz. 31, 459 P.2d 83 (1969) and see *Dunn v. U. S.,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932).

## IV

### DOUBLE PUNISHMENT

■ Appellant contends that the trial court erred in denying appellant's motion to set aside the conviction of assault with a deadly weapon. He complains that convictions of both burglary and assault with a deadly weapon constitute double punishment in violation of A.R.S. § 13–1641.

A.R.S. § 13–1641 provides:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

And see: *State v. Howes,* 109 Ariz. 255, 508 P.2d 331 (1973). Appellant argues that if the elements of the assault with a deadly weapon are eliminated the facts will not support the conviction for burglary arguing that under the "identical elements" test the appellant was subjected to the double punishment prohibited by § 13–1641, supra.

It is to be conceded that under A.R.S. § 13–1641, the state may not rely upon one act to support multiple convictions of crimes with identical components. But the crimes of burglary and assault with a deadly weapon do not have identical elements. We have held that the fact that a burglary supplied the premeditation necessary for first degree murder did not make it part of the same offense. *State v. Clay-*

*ton,* 109 Ariz. 587, 514 P.2d 720 (1973). We stated:

"In the instant case the statute defines the crime of felony murder or murder committed in the course of a burglary as a separate crime in addition to the crime of burglary. They are separate offenses —one committed against the person and the other committed against the property of another. Where the offenses are so closely intertwined, as for example assault with a deadly weapon which results in a homicide, the statute may apply. Where the offenses are separate the statute does not apply." 109 Ariz. at 600, 514 P.2d at 733.

We hold that burglary and assault with a deadly weapon are separate offenses, and that A.R.S. § 13–1641 does not apply. The trial court did not err in denying appellant's motion to set aside the conviction of assault with a deadly weapon.

## V

### Excessive Sentence

■ In regard to appellant's contention that the sentence was excessive, this Court has long held that the trial court has great latitude in pronouncing sentence and will be upheld if the sentence is within the statutory limits unless there is a clear abuse of discretion. *State v. Bates,* 111 Ariz. 202, 526 P.2d 1054 (1974); and see *State v. Smith,* 111 Ariz. 149, 526 P.2d 392 (1974); *State v. Burrell,* 106 Ariz. 100, 471 P.2d 712 (1970); *State v. Carpenter,* 105 Ariz. 504, 467 P.2d 749 (1970).

Appellant received sentences of not less than nine nor more than ten years on the assault with a deadly weapon, and not less than two nor more than fifteen years on the burglary charge. The sentences are to run consecutively. We find no abuse of discretion of the court in the instant case.

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

Note: Justice FRANK X. GORDON, Jr., did not participate in the determination of this matter and retired Justice LORNA E. LOCKWOOD sat in his stead.