565 P.2d 1305

STATE of Arizona, Appellee,

v.

Paul David LaBARRE, Appellant.

Nos. 1 CA–CR 1320 and 1 CA–CR 1321.

Court of Appeals of Arizona,
Division 1,
Department B.

April 14, 1977.

Rehearing Denied June 1, 1977.

Review Denied June 28, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

Harris & Peacock by Donald W. Harris, Phoenix, for appellant.

## OPINION

WREN, Judge.

The appellant, Paul LaBarre, was convicted of robbery and illegal use of a telephone after a consolidated jury trial on the two charges. He was sentenced to serve a term of ten to twenty-five years on the robbery conviction and to time already served for illegal use of the telephone.

Appellant has raised the following issues for our consideration:

1. Whether a rebuttal witness for the State was properly permitted to testify because of non-disclosure.

2. Whether the trial court's ruling on a motion in limine was violated by the State.

3. Whether denial of appellant's motion for change of judge was error.

4. Whether the court erred in permitting the use of hearsay evidence to impeach a witness whose testimony did not damage the prosecution's case.

We have determined that error was committed with respect to issue No. 4. However, the evidence of guilt was otherwise overwhelming and ·we therefore affirm the conviction on the doctrine of harmless error.

## NONDISCLOSURE OF REBUTTAL WITNESS

On rebuttal, the State called Nadine Bell as a witness to testify concerning a conversation she had had with appellant on the planning of the robbery. The defense objected on the basis that she had not been disclosed as a rebuttal witness until shortly before she was to testify, even though known by the State as a possible witness approximately six days prior thereto. Appellant argues that since he had been required under the Rules of Criminal Procedure to make prior disclosure, not only of his alibi defense and alibi witnesses, but of all other witnesses whom he intended to call, that the State should have been required to reveal this rebuttal witness as soon as she was ascertained, citing *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). We do not agree.

In *Wardius,* an Oregon statute required the defendant to give pretrial notice of an alibi defense but did not require the state to reveal in advance the names of witnesses it would call to rebut the claimed alibi. The United States Supreme Court held that the rule requiring advance notice of alibi could not be enforced unless reciprocal discovery rights as to that alibi were given to the criminal defendant. Since the defendant had virtually no discovery rights under Oregon law the High Court held that the Oregon court had acted improperly in enforcing the notice of alibi rule to prevent presentation of that defense when the defendant had not given the requisite notice.·

The State here contends that *Wardius* was fully complied with since Nadine Bell was not called as an alibi witness, did not testify as an alibi witness, and was not even known at the start of the trial. *Wardius,* the State urges, did not require disclosure by the State of rebuttal witnesses not testifying in reference to the alibi. In compliance with *Wardius,* the State did respond to defendant's list of alibi witnesses by giving notice that it would call a Mr. Popello on rebuttal. The State successfully contended before the trial court that *Wardius* did not require the prior naming of Nadine Bell, since she was not a part of the State's case-in-chief and was called only as a general rebuttal witness.

Interpreting *Wardius* as having application only to rebuttal of an alibi, the trial court permitted Bell to testify, after recessing overnight to allow counsel for appellant an opportunity to examine her and her proposed testimony prior to taking the

witness chair. The appellant challenges this interpretation of *Wardius,* urging that as a matter of constitutional due process the State was required to give advance notice of *all* its rebuttal witnesses.

Admittedly, *Wardius* rests upon the broad policy consideration of allowing liberal discovery to avoid surprise at trial.

"[W]e do hold that in the absence of a strong showing of state interests to the contrary, discovery must be a two-way street. The State may not insist that trials be run as a 'search for truth' so far as defense witnesses are concerned, while maintaining 'poker game' secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State." 412 U.S. at 475, 93 S.Ct. at 2212, 37 L.Ed.2d at 88.

■ Defendant's argument, however, misses the mark. It is the State who is required to open the door of full disclosure of witnesses by listing for the defense pursuant to Rule 15.1, all witnesses to be called in its case-in-chief.

"Rule 15.1 Disclosure by state

a. Matters Relating to Guilt, Innocence or Punishment. No later than 10 days after the arraignment in Superior Court, the prosecutor shall make available to the defendant for examination and reproduction the following material and information within his possession or control:

(1) The names and addresses *of all persons whom the prosecutor will call as witnesses in the case-in-chief* together with their relevant written or recorded statements;" (Emphasis supplied.)

The defense is then required to respond with a full list of witnesses for its case-in-chief and a notice of defenses, if any, which it intends to assert. As to each such defense the specific witnesses who will testify in support of that defense must also be revealed.

"Rule 15.2 Disclosure by defendant

b. Notice of Defenses. Within 20 days after the arraignment in Superior Court, the defendant shall provide the prosecutor with a written notice specifying all defenses as to which he will introduce evidence at trial, including, but not limited to, alibi, insanity, self-defense, entrapment, impotency, marriage, insufficiency of a prior conviction, mistaken identity, and good character. *The notice shall specify for each defense the persons, including the defendant himself, whom he will call as witnesses at trial in support thereof.* It may be signed by either the defendant or his counsel, and shall be filed with the court.

c. Disclosures by Defendant. Simultaneously with the notice of defenses submitted under Rule 15.2(b), the defendant shall make available to the prosecutor for examination and reproduction:

(1) The names and addresses *of all persons, other than the defendant himself, whom he will call as witnesses at trial,* together with all statements made by them in connection with the particular case;" (Emphasis supplied.)

As to the defense of alibi it is the defendant who must initiate the disclosure, and the evidence, and when he does so the doctrine of reciprocity, under *Wardius* makes it incumbent upon the State to ascertain and identify witnesses whom it intends to use to rebut that defense.

It is to be noted that there was no requirement within the 1973 Rules of Criminal Procedure, under which this trial was conducted, for the prosecutor to furnish defense counsel with the names of any potential rebuttal witnesses, alibi or otherwise, or that the defense reveal any surrebuttal witnesses. *Cf. McCurry v. State,* 538 P.2d 100 (Alaska 1975); ABA Standards Relating to Discovery and Procedure Before Trial, § 2.1.

Moreover, in *Wright v. Superior Court In and For County of Maricopa,* 110 Ariz. 265, 517 P.2d 1261 (1974), our Supreme Court made it clear that automatic disclosure by

the State of its rebuttal witnesses was nowhere within the parameters of reciprocal discovery of the 1973 Rules.

"*Wardius* requires that discovery be reciprocal, but discovery in a criminal case is not really a two-way street. The constitutional protections of the Fifth and Fourteenth Amendments deny to the prosecution full disclosure of information from the defense. In those area [sic] in which discovery of the defense's case is permitted, it is clear that *Wardius* requires that there be a corresponding opportunity for discovery by the defense of the prosecution's case. Nothing in the provision of the 1973 Rules of Criminal Procedure on discovery opposes this requirement of reciprocity. The rules do provide that the defense must file a motion to secure the information concerning the rebuttal witnesses of the prosecution, but it can hardly be thought a denial of due process to require this simple procedural step." Id. at 268, 517 P.2d at 1264.

The *Wright* court went on to hold that the reciprocal discovery requirement of *Wardius* as to Rule 15.2(b) was fully complied with by Rule 15.1(e) [1] under which the defendant could request additional material or information not otherwise covered by Rule 15.1.

It is of course now clear that the constitutional requirements for discovery enunciated in *Wardius v. Oregon*, supra, extend beyond the defense of alibi. *Cf., State v. Walton*, 228 N.W.2d 21 (Iowa 1975) wherein it was held that *Wardius* required reciprocal discovery as to witnesses on the defense of insanity.

Moreover, in 1975, the Arizona Supreme Court adopted Rule 15.1(f), which, although not in effect at the time of trial, is reflective of the court's broad interpretation of *Wardius* as to other specific defenses:

"f. Disclosure of Rebuttal Evidence. Upon receipt of the notice of defences required from the defendant under Rule 15.2(b) the state shall disclose the names and addresses of all persons whom the prosecutor will call as rebuttal witnesses together with their relevant written or recorded statements."

In the official *Comment* thereunder we find:

"Rule 15.1(f). ' . . . we do hold that in absence of a strong showing of state interest to the contrary, discovery must be a two-way street.' *Wardius v. Oregon*, (citation omitted)."

What defense counsel and the dissent have failed to note in the argument that Rule 15.1(f) requires prosecution disclosure of *all* rebuttal witnesses, is that the rule specifically refers to the *notice of defenses* asserted by the defendant under Rule 15.-2(b). Rule 15.1(f) makes no reference whatsoever to any required rebuttal disclosure by the State as to other witnesses noticed by the defendant under Rule 15.2(c)(1), supra. It is thus clear that even if Rule 15.1(f) had been in effect at the time of trial the State would still not have been required to list Nadine Bell.

The appellant has referred us to no cases extending the principle of *Wardius* beyond rebuttal of specific defenses which a defendant is required in advance of trial to reveal. Moreover, Rule 15.1 is obviously not intended to include rebuttal witnesses. In many instances they are unknown because the prosecutor, other than in the ambit of specific defenses which the defendant is required to reveal, can rarely anticipate what course the defense will pursue. As to specific defenses such as alibi, insanity, impotency, etc., the State can zero in on the specific proof required to refute it. But the prosecutor would need a crystal ball if he were required to list, in advance of trial and

---

1. Rules of Criminal Procedure. Rule 15.1
"e. Disclosure by Order of the Court. Upon motion of the defendant showing that he has substantial need in the preparation of his case for additional material or information not otherwise covered by Rule 15.1, and that he is unable without undue hardship to obtain the substantial equivalent by other means, the court in its discretion may order any person to make it available to him. The court may, upon the request of any person affected by the order, vacate or modify the order if compliance would be unreasonable or oppressive."

prior to the defendant's case, the names of potential rebuttal witnesses to all other matters.

■ Arizona's notice-of-defense rule (Rule 15.2) is now carefully hedged with reciprocal duties requiring State disclosure of witnesses it proposes to offer in rebuttal to any listed defense. Furthermore, Rule 15.1(e) is still available for additional information. Any imbalance in discovery rights is therefore completely minimized. We find no error as to Nadine Bell.[2]

## CHANGE OF JUDGE

■ We turn next to appellant's request for a change of judge after the first trial had resulted in a mistrial. Following a hearing at which defense counsel acknowledged that he had no factual basis to show bias or prejudice, the presiding criminal judge of Maricopa County Superior Court denied the motion. No prejudice having been shown, we find no error.

## MOTION IN LIMINE

■ Appellant claims error in the denial of his motion for mistrial after the prosecutor had violated an order in limine to suppress evidence. Again the evidence does not support appellant's contention.

The motion in limine dealt with a stocking mask found in appellant's vehicle. When the State sought to have a detective identify it at trial appellant obtained a court order that the detective was not to mention the fact that he had found the mask.

We note from the record that the order was complied with. However, on cross-examination, the State, without objection, questioned the appellant himself about the mask. Appellant admitted having one in his vehicle but was uncertain as to the particular mask marked as an exhibit. The colloquy was interrupted by the court sus-

taining an objection to a question put to the appellant as to whether there were other masks in his car and the appellant then moved for a mistrial.

We find no error. The court order in limine was not a prohibition against cross-examining the defendant, and the defendant had already admitted the presence of a mask when asked about others. We have determined that there was no prejudice.

## HEARSAY EVIDENCE TO IMPEACH WITNESS

■ One of the State's witnesses was a Melvin Jones, who had previously told two law enforcement officials that the appellant had admitted complicity in the crime to Jones. When Jones took the stand for the prosecution, however, and was asked a series of questions concerning appellant's alleged admissions to him and Jones' own statements to the police, Jones' answers were in the negative. The State then called the two law enforcement officers who testified, over defense objection, concerning Jones' out-of-court statements implicating the appellant.

The testimony of the two officers was hearsay which appellant urges was improperly admitted. The State argues that it was appropriately offered to impeach Jones' denials. The issue raised by the appellant goes to the general problem of when and for what evidentiary purposes the State may use hearsay to contradict the testimony of its own witness.

Our review of this area of the law discloses that various standards have been developed and applied. The traditional rule in Arizona was that evidence of prior out-of-court statements by a party's own witness would be admissible only for purposes of impeachment, and then only when (a) the witness's testimony had been prejudicial to the party calling him and (b) the nature of

2. In any event, it is almost universally held that the violation of a notice-of-witness rule does not automatically disqualify the witness. *State v. Tuell*, 112 Ariz. 340, 541 P.2d 1142 (1975); *State v. Hinkle*, 26 Ariz.App. 561, 550 P.2d 115 (1976); *State v. Scott*, 24 Ariz.App. 203, 537

P.2d 40 (1975). If the defense is given an opportunity to meet and question the undisclosed witness prior to the proffered testimony, as was done here, it is generally held not to be an abuse of discretion. *Cf. State v. Brewer*, 110 Ariz. 12, 514 P.2d 1008 (1973).

the testimony actually given came as a surprise. The case upon which appellant places principal reliance, and which embodies these principles, is *State v. Lane*, 69 Ariz. 236, 211 P.2d 821 (1949).

The factual situation in *Lane* is very close to this case. The State called the defendant's father ostensibly for the purpose of testifying concerning an incriminating phone call the defendant had made to him. When the witness took the stand, however, he denied that the call had taken place. The State then called a police officer to testify concerning the father's previous statements to the police about the call. On appeal, the Supreme Court reversed holding that the testimony was improper for impeachment purposes because the testimony of the father had not been prejudicial to the State's case, but had simply failed to affect it one way or the other.

The State relies upon a more recent case, *State v. Skinner*, 110 Ariz. 135, 515 P.2d 880 (1973), in which a somewhat different situation was presented. There the State asked one of its witnesses whether he had been with the defendant near the scene of the crime shortly after its commission. The witness responded that he had not been with the defendant, and further testified that the defendant had been somewhere else far from the scene. The State then offered a statement which had previously been signed by the witness to the effect that the witness had been with the defendant at the scene of the crime. The Supreme Court held that the statement was admissible not merely for purposes of impeachment but as substantive evidence as well, and despite the fact that the State had prior knowledge that the witness when called to the stand would disavow his previous statement. In so doing, the court overruled the traditional line of cases holding that such hearsay evidence was never admissible for substantive purposes and that the element of surprise was necessary for use of such evidence as impeachment.

The court's relaxation of the traditional limitations on admissibility of hearsay testimony for impeachment purposes in *Skinner* took into account at least two recent developments in the law. First, the United States Supreme Court in *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), held that the right of confrontation guaranteed by the Sixth Amendment does not bar the use of prior out-of-court statements for substantive as well as impeachment purposes. The rationale in *Green* was that so long as the witness who denies making the prior statement is available in court to be cross-examined with respect to the denial, then the right to confrontation is satisfied. The court in *Skinner* also took into account section 801 of the then-proposed U. S. Supreme Court Federal Rules of Evidence. The proposed section would have permitted any prior statement, whether written or oral, to be used substantively so long as the statement was inconsistent with the testimony of the witness on the stand.[3]

The court in *Skinner* nevertheless reaffirmed the traditional requirement as expressed in *Lane,* supra, that prior statements could not be introduced even to impeach a party's witness unless the testimony of the witness on the stand was prejudicial and damaging to the party calling him.

The question in this case as to the admissibility of the evidence then narrows to whether the testimony of Mr. Jones was in fact prejudicial to the State's case. If so, under *Skinner,* it was admissible both for impeachment and substantive purposes, and notwithstanding the lack of any surprise to the State. If, on the other hand, the testimony was not prejudicial, then it was improperly admitted.

We believe that the guidelines for this determination are drawn by the fact situa-

---

**3.** That provision was substantially changed by Congress when it enacted the Federal Rules of Evidence. The Federal Rules now provide that prior statements are admissible as substantive evidence only if they were given under oath or in another situation which would give rise to a charge of perjury if false at the time the statement was given. Federal Rules of Evidence, Rule 801, 28 U.S.C.A.

tions in *Skinner* and *Lane.* In *Skinner,* the testimony of the State's witness was not merely a denial of the prior statement, but constituted affirmative exculpatory testimony in the nature of alibi evidence for the defendant. The testimony there was clearly prejudicial to the State. In *Lane,* however, the testimony of the State's witness constituted no more than a denial of prior statements, and the court concluded that it did not prejudice the State's case.

The testimony of Mr. Jones in this case is in all material respects similar to the testimony of the State's witness in *Lane*; Jones' testimony was no more than a denial of the previous statements, and did not, under the rationale of *Lane* and *Skinner,* prejudice the State's case so as to meet the foundational requirement for introduction of the prior statement. We therefore conclude that it was error for the trial court to permit the testimony in this case of the two law enforcement officers with respect to the out-of-court statements of Jones.

■ However, we find the error created no prejudice under these facts. The evidence was overwhelmingly against appellant's innocence and there is no reasonable probability that the verdict might have been different had the error not been committed. *Cf. State v. Brady,* 105 Ariz. 190, 461 P.2d 488 (1969). We therefore apply the *doctrine of harmless error.*

Judgment and sentence affirmed.

EUBANK, J., concurs.

SCHROEDER, Presiding Judge, dissenting:

The majority concludes that the due process principles enunciated in *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), required disclosure only of rebuttal alibi witnesses in this case and not of Nadine Bell. I disagree. In my opinion, the trial court erred in its interpretation of *Wardius,* and this error, coupled with the error permitting the use of hearsay impeachment evidence, should require reversal.

*Wardius* stands for the general principle that the State must make discovery to the defense on the same basis that the defense is required to make discovery to the State. Thus if the defense must disclose all of its witnesses to the State, the State must disclose all of its witnesses to the defense. This principle of reciprocity was recognized by our Supreme Court in *Wright v. Superior Court,* 110 Ariz. 265, 517 P.2d 1261 (1974). While that case like *Wardius* was concerned specifically with alibi problems, the court's recognition of general principles of reciprocity was expressed as follows: "In those area[s] in which discovery of the defense's case is permitted, it is clear that *Wardius* requires that there be a corresponding opportunity for discovery by the defense of the prosecution's case." (110 Ariz. at 268, 517 P.2d at 1264). In this case, the State clearly could have disclosed Bell as a rebuttal witness several days in advance of her testimony. There has never been any serious suggestion that the defense failed adequately to request all of the discovery materials to which it was otherwise entitled. The trial court did not regard any last minute interview of the witness as a substitute for discovery.

The only issue here, therefore, should be whether the defense was required to make discovery of all of its witnesses to the State. I believe such a requirement was imposed by Rule 15.2(c) which at all relevant times required that simultaneously with the notice of defenses, the defendant make available to the prosecutor "[t]he names and addresses of *all persons,* other than the defendant himself, whom he will call as witnesses at trial, *together with all statements made by them in connection with the particular case.*" (Emphasis supplied). The comment to Rule 15.2(b) discusses the "notice of defenses" and describes the broad discovery obligations placed upon the defendant:

"It is intended that the 'notice of defenses' to be a broad disclosure of the defendant's case, including his rebuttal of the state's case as well as his own 'case-in-chief.' It is to include all matters which he will present at trial, including

those which he intends to introduce by his own testimony.

"The disclosure requirement goes considerably beyond notification of 'affirmative defenses' . . . ."

Apart from the requirements imposed by Rule 15, the court specifically ordered the defendant in this case to make the names of all of his witnesses available to the prosecutor.

To require the defense to make available the names and statements of all of its witnesses, but to permit the State to withhold the name and statement of a rebuttal witness, violates the principles of due process established in *Wardius*.

In my view, this is recognized by the addition in 1975 of Rule 15.1(f) requiring the State to "disclose the names and addresses of *all persons* whom the prosecutor will call as *rebuttal witnesses* together with their relevant written or recorded statements." (Emphasis supplied). The majority suggests this does not mean that all witnesses must be listed, but only those relating to specific defenses listed by the defendant. Such an interpretation is contrary to the language of the amended Rule itself, and is in violation of *Wardius* due process requirements.

In sum, under our discovery rules, the defendant must list not only his defenses under Rule 15.2(b), but under Rule 15.2(c), must disclose the names of all witnesses he will call at trial. I believe no lesser requirement can constitutionally be imposed upon the State and I must therefore respectfully dissent.