693 P.2d 969

**The STATE of Arizona, Petitioner,**

**v.**

**The Honorable William DRUKE, Judge of the Superior Court of the State of Arizona, In and For the County of Pima, Respondent,**

**and**

**Ronald Dwight SCHACKERT, Real Party in Interest.**

**No. 2 CA–SA 0134.**

Court of Appeals of Arizona, Division 2.

Oct. 30, 1984.

Review Denied Jan. 15, 1985.

Stephen D. Neely, Pima County Atty. by Richard D. Nichols, Tucson, for petitioner.

Frederic J. Dardis, Pima County Public Defender by Karen Noble and Donald S. Klein, Tucson, for real party in interest.

## OPINION

BIRDSALL, Chief Judge.

This special action was taken from the order of the respondent court denying the state/petitioner's motion to appoint a mental health expert to examine the defendant/real party in interest pursuant to Rule 11.2, Rules of Criminal Procedure, 17 A.R.S. and A.R.S. § 13–3993. We accept jurisdiction because the question presented is a matter of first impression in this state and is of statewide importance, and because the petitioner has no adequate remedy by appeal. *See State ex rel. Corbin v. Superior Court of Maricopa County,* 138 Ariz. 500, 675 P.2d 1319 (1984); *University of Arizona Health Sciences Center v. Superior Court of the County of Maricopa,* 136 Ariz. 579, 667 P.2d 1294 (1983).

The real party in interest was indicted on March 16, 1984, on one count of first-degree murder, one count of sexual assault, and one count of kidnapping. On August 10, 1984, the real party in interest filed a supplemental disclosure noticing, among other defenses, failure to prove the elements, lack of intent, and recklessness. This supplemental disclosure also listed as a witness Dr. Otto Bendheim, a psychiatrist. Three days later, the petitioner filed its motion for appointment of a mental health expert based solely on the ground "of the Defendant having been examined by Dr. Otto Bendheim, and notice that Dr. Bendheim will be a witness at the trial." The motion was opposed by the real party in interest on the ground that Rule 11 authorizes the appointment of mental health experts only to determine competency to stand trial or when the defendant has filed a notice of insanity defense.

Because the real party in interest had previously been determined competent in unrelated proceedings and the state had presented no new evidence of incompetency, and because insanity had not been asserted as a defense, the real party in interest argued that no grounds existed for granting the motion. Pursuant to the trial court's order, counsel for the real party in interest submitted to the court and disclosed to the petitioner a copy of a report prepared by Dr. Bendheim following his examination of the real party in interest, the statements of the latter having been excised. This was followed by a motion to permit Dr. Bendheim to testify and to preclude any mental examination by the state.

The essence of the real party in interest's motion with regard to Dr. Bendheim's testimony is that his evaluation "presents the psychiatric picture of a man who acted reflexively at the time of the alleged offenses" and that his testimony concerning the "psychological makeup of the accused" is admissible under *State v. Christensen,* 129 Ariz. 32, 628 P.2d 580 (1981). In *Christensen,* the supreme court held that the trial court erred in excluding the testimony of a psychiatrist who had evaluated the defendant to the effect that, in his expert opinion, the defendant had difficulty dealing with stress and in stressful situations

his actions were more reflexive than reflective. Relying on its previous decision in *State v. Dickey*, 125 Ariz. 163, 608 P.2d 302 (1980), the court concluded that such evidence was admissible to establish a "character trait" of the defendant. The court rejected the contention that such evidence in effect raised a "diminished responsibility" defense, contrary to *State v. Schantz*, 98 Ariz. 200, 403 P.2d 521 (1965), *cert. denied* 382 U.S. 1015, 86 S.Ct. 628, 15 L.Ed.2d 530 (1966), and A.R.S. § 13–502, reasoning that such evidence, if believed, would not serve to relieve the defendant of responsibility for his actions, but would rather negate one element of the offense charged and thereby reduce the crime from murder to manslaughter. Viewed in this light, the court concluded that it was "inconsistent with fundamental justice to prevent a defendant from offering evidence to dispute the charge against him." 129 Ariz. at 36, 628 P.2d at 584. *See also State v. Hallman*, 137 Ariz. 31, 668 P.2d 874 (1983); *and see State v. Gonzales*, 140 Ariz. 349, 681 P.2d 1368 (1984) (expert testimony of defendant's mild retardation and organic brain syndrome admissible to substantiate defendant's credibility as well as his "mere presence" defense).

■■■ The petitioner concedes that the testimony of Dr. Bendheim would be admissible under the rationale of *State v. Christensen, supra.* Relying on the plain language of Rule 11.2, however, the petitioner disputes the contention of the real party in interest that examinations authorized by the rule are strictly limited to situations where competency or insanity issues have been raised. Rule 11.2 provides:

> At any time after an information is filed or indictment returned, any party may move for an examination to determine whether a defendant is competent to stand trial, or to investigate his mental condition at the time of the offense. The motion shall state the facts upon which the mental examination is sought.

The trial court is vested with broad discretion in determining whether reasonable grounds exist for an examination, and un-less there has been a manifest abuse of that discretion, the trial court's decision will be upheld. *State v. Salazar*, 128 Ariz. 461, 626 P.2d 1093 (1981). In this case, the trial court did not set forth its reasons for denying the motion. The real party in interest argued to the trial court that the petitioner had failed to set forth sufficient facts to warrant an examination, apart from the legal question of whether the examination was authorized by the rule. To the extent that the trial court's decision may have been predicated on this contention, and assuming that the trial court was authorized to order the examination, we find that the fact alleged by the petitioner that the real party in interest intends to put his mental condition at the time of the offense in issue and to offer expert testimony in that regard constitutes reasonable grounds within the meaning of Rule 11.2. To the extent that the trial court's decision may have been based on a lack of reasonable grounds, it has abused its discretion.

The real issue, however, is whether the trial court is authorized to grant the state's request for appointment of a mental health expert to examine the accused where the latter has not raised the defense of insanity, but intends to present expert testimony pertaining to his mental condition in order to negate the element of intent. As noted above, the petitioner relies both on Rule 11.2 and on A.R.S. § 13–3993.

■ The initial question to be addressed is whether the state's right to the appointment of experts to examine the defendant is governed by Rule 11.2 or § 13–3993. Both the rule and the statute have their origin in former A.R.S. §§ 13–1621–1624, which constituted Article 6 of the prior criminal code entitled "Trial and Pre-trial Procedures on Issue of Insanity of Defendant." Former § 13–1621, which established the procedures to be followed where a defendant's competence to stand trial was in question, and former § 13–1621.01, which established the procedures to be followed where an insanity defense was asserted, were characterized by the supreme court as creating substantive rights as well

as procedural rules. *State v. Blazak,* 105 Ariz. 216, 462 P.2d 84 (1969). In light of the 1960 amendment to the state constitution which conferred exclusive power to promulgate procedural rules of court on the supreme court, the *Blazak* court concluded that the procedural rules contained in the statutes would be deemed to be rules of court until such time as they were modified or suspended by rules adopted by the supreme court.

In 1973 the Rules of Criminal Procedure, 17 A.R.S., were adopted by the supreme court and, significantly, §§ 13–1621 and 13–1621.01 were subsequently repealed. The rules not only set forth procedures to be followed when the defendant's competency or mental condition at the time of the offense are in issue (Rule 11), but also provide for extensive and reciprocal rights of discovery (Rule 15) in accordance with the dictates of *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). Pursuant to Rule 15.2(a), a defendant may be compelled to provide physical evidence, including a physical examination, pertaining to the crime with which he is charged. The defendant is also required to disclose all defenses to be raised, all witnesses and their statements, all experts and their reports and test results, and all tangible evidence. Rule 15.2(b) and (c). Similarly, pursuant to Rule 11, the state is entitled to have the defendant examined when his competency or mental condition at the time of the offense are in issue, as well as to have disclosed copies of all reports made by any mental health experts who have examined the defendant. In our view, these rules are procedural in nature and a valid exercise of the supreme court's rulemaking power pursuant to Article 6, § 5 of the constitution. This conclusion is reinforced by the fact noted above, that the legislature subsequently repealed their statutory predecessors.

We conclude that the right asserted by the petitioner in this case is indistinguishable from the rights established under Rules 11 and 15 and is therefore procedural in nature. Although the predecessor to § 13–3993 was enacted subsequent to the adoption of the Rules of Criminal Procedure, since the power to make procedural rules is now vested exclusively in the supreme court, *Arizona Podiatry Association v. Director of Insurance,* 101 Ariz. 544, 422 P.2d 108 (1966), this statute cannot constitutionally be construed as modifying or superseding the criminal rules. Accordingly, we look only to the Rules of Criminal Procedure, and specifically Rule 11, to determine the issue presented by this case.

■ We do not hesitate to conclude that the appointment of a mental health expert sought by the state is authorized both by the language of Rule 11.2 and the underlying purpose of the criminal rules. Rule 11.2 is not limited to cases where a defendant has invoked an insanity defense, but rather speaks more broadly to permit examinations "to investigate [the defendant's] mental condition at the time of the offense." Nor does anything else in Rule 11 purport to limit its applicability as contended by the real party in interest. Further, the construction urged by the real party in interest is totally contrary to the purpose of the rules. Speaking with specific reference to Rule 15, the supreme court stated in *Wright v. Superior Court of the County of Maricopa,* 110 Ariz. 265, 517 P.2d 1261 (1974) that the purpose of the discovery permitted by that rule was "to assist the search for truth by providing the parties with all the evidence possible so that the crucial facts may be presented at trial and a just decision made." 110 Ariz. at 267, 517 P.2d 1261. The same purpose underlies Rule 11.

In *State v. Schantz, supra,* which was decided prior to the adoption of both the Rules of Criminal Procedure and former A.R.S. §§ 13–1621 and 13–1621.01, the defendant noticed an insanity defense and called a psychiatrist who had examined him to testify on his behalf. Prior to trial, the state had moved for an order permitting two state psychiatrists to examine the defendant. Although the motion was withdrawn in recognition that the court had no authority to order the examination, one of

the psychiatrists nevertheless went to the defendant's home and attempted to conduct an examination. The defendant assigned as error on appeal the fact that the trial court permitted the psychiatrist to testify that the defendant had refused to agree to an examination. In rejecting the defendant's argument, the supreme court reasoned as follows:

> There is an inference arising out of the failure of the State to call expert medical witnesses in rebuttal that the defendant's evidence as to insanity is true because uncontradicted. We are of the view that where a defendant files a notice of reliance on insanity and thereafter offers expert testimony based upon an examination to which he submitted himself the refusal of an examination by competent medical experts representing the State may be shown to negative that inference. 98 Ariz. at 213–214, 403 P.2d 521.

We read *Schantz* as connoting the general proposition that, subject to the rights conferred upon an accused by the state and federal constitutions, a defendant is not entitled to an unfair advantage in the presentation of his defense and, conversely, that the state is entitled to a fair opportunity to present its evidence and to rebut the evidence presented by the defendant. We believe that the reciprocal rights of discovery established by the Rules of Criminal Procedure were intended, and should be construed, to further this concept. In this case, if the petitioner were denied the opportunity to have its own mental health expert examine the real party in interest, it would have no means to rebut the testimony of the latter's expert save through cross-examination. As in *Schantz,* an inference would arise that the evidence presented by the real party in interest as to his mental condition is true because uncontradicted. Further, to adopt the construction of Rule 11 urged by the real party in interest would be to create a situation in which the state is denied reciprocal rights of discovery. Such a construction would be totally contrary to the spirit and purpose of the rules, and would give an unfair and unwarranted advantage to the real party in interest in the presentation of his defense.

*State v. Vosler,* 216 Neb. 461, 345 N.W.2d 806 (1984), relied upon by the real party in interest, is readily distinguishable. In *Vosler,* the only express authority for an examination was a statute which was limited by its terms to cases involving a pure insanity defense. Further, the concern of the court with the defendant's Fifth Amendment privilege is not present here, inasmuch as the real party in interest will have the same protections which are afforded by Rule 11 to those who have raised an insanity defense.

The order of the trial court denying the petitioner's motion for appointment of a mental health expert to examine the real party in interest is vacated, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

HATHAWAY and HOWARD, JJ., concur.