IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Petitioner,*

*v.*

THE HONORABLE HUGH HEGYI, JUDGE OF THE SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,
*Respondent Judge,*

JOSH RASMUSSEN,
*Real Party in Interest.*

No. CR-16-0264-PR
Filed July 7, 2017

Special Action from the Superior Court in Maricopa County
The Honorable Hugh E. Hegyi, Judge
No. CR2013-102236
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division One
240 Ariz. 251 (App. 2016)
**VACATED**

COUNSEL:

William G. Montgomery, Maricopa County Attorney, Jeffrey R. Duvendack, Amanda M. Parker (argued), Deputy County Attorneys, Phoenix, Attorneys for State of Arizona

Joshua M. Blumenreich, The Blumenreich Law Firm, PLLC, Phoenix; and Natalee Segal (argued), Ballecer & Segal, LLP, Phoenix, Attorneys for Josh Rasmussen

Kevin D. Heade (argued), Mikel Steinfeld, Phoenix, Attorneys for Amicus Curiae Arizona Attorneys for Criminal Justice

_____

JUSTICE GOULD authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL, TIMMER, BOLICK and LOPEZ joined.

_____

JUSTICE GOULD, opinion of the Court:

**¶1**      We hold that, pursuant to Arizona Rule of Criminal Procedure 11.4(b), a defendant who asserts an insanity defense and voluntarily undergoes a mental health exam must disclose a complete copy of the expert's examination report, including any statements made by the defendant concerning the charges against him.  Accordingly, we disapprove the holding in *Austin v. Alfred*, 163 Ariz. 397 (App. 1990) to the extent it permits a defendant to redact such statements under Rule 11.4(b).

## BACKGROUND

**¶2**      Defendant Josh Rasmussen was indicted for armed robbery and felony murder.  After the charges were filed, his attorney consulted with several mental health experts regarding a possible insanity defense.  Based on their opinions, defense counsel filed a supplemental notice of defenses listing insanity, or guilty except insane, as a defense.  A.R.S. § 13-502(A).

**¶3**      Rasmussen eventually retained a psychologist to testify in support of his insanity defense.  The State and Rasmussen also agreed to an examination by a joint expert.  Both experts prepared reports that included statements Rasmussen made about the pending charges.

**¶4**      The State requested copies of the experts' reports.  Defense counsel produced copies, but redacted Rasmussen's statements.  The State moved to compel, seeking disclosure of complete copies.  Rasmussen objected based on *Austin*, 163 Ariz. at 400, and the superior court denied the State's motion.  *Cf. Austin*, 163 Ariz. at 400 (stating that Rule 11.4(b) implicitly allows a defendant to redact his statements from a mental health expert's report).  The State then petitioned the court of appeals for special action relief.

**¶5**        The court of appeals accepted jurisdiction and granted relief, reversing the superior court's order.  *State v. Hegyi*, 240 Ariz. 251, 256-57 ¶¶ 21-22 (App. 2016).  Departing from *Austin*, the court held "that a defendant who is examined by a non-court-appointed expert cannot, after giving notice of the guilty-except-insane defense . . . redact his statements from his expert's report under Rule 11.4(b)."  *Hegyi*, 240 Ariz. at 256 ¶ 18.

**¶6**        We granted review to resolve whether Rule 11.4(b) requires a defendant to disclose his statements contained in a mental health expert's report.  We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

**¶7**        We review de novo the interpretation of constitutional provisions, statutes, and rules.  *State v. Hansen*, 215 Ariz. 287, 289 ¶ 6 (2007).

**¶8**        Rasmussen argues the statements he made during his mental health exams are privileged under the Fifth Amendment and, as a result, are not subject to disclosure under Rule 11.4(b).  U.S. Const. amend. V.

**¶9**        The Fifth Amendment applies to statements made by a defendant during a court-ordered mental health examination.  *Estelle v. Smith*, 451 U.S. 454, 462, 468 (1981); *Phillips v. Araneta*, 208 Ariz. 280, 282 ¶ 7, 284 ¶ 14 (2004).  A defendant is not required to disclose statements made during a court-ordered exam, and such statements are not admissible at trial.  *Smith*, 451 U.S. at 462, 468; *Araneta*, 208 Ariz. at 284 ¶ 14.

**¶10**        However, when a defendant asserts an insanity defense, he waives his self-incrimination privilege.  *Kansas v. Cheever*, 134 S. Ct. 596, 601 (2013); *State v. Schackart*, 175 Ariz. 494, 500-01 (1993); *State v. Tallabas*, 155 Ariz. 321, 324-26 (App. 1987).  Such waiver is analogous to the rule that a defendant who chooses to testify at trial may not invoke his Fifth Amendment privilege to avoid cross-examination.  *Cheever*, 134 S. Ct. at 601; *Schakart*, 175 Ariz. at 500-01; *Tallabas*, 155 Ariz. at 324-26.  Additionally, fairness requires the State have access to a defendant's statements to "rebut the evidence [of insanity] presented by the defendant."  *State v. Druke*, 143 Ariz. 314, 318 (App. 1984); *see Cheever*, 134 S. Ct. at 601 (same).

**¶11** In contrast to a court-ordered exam, a defendant may request a mental health exam. In such cases, a defendant's statements to the examiner are not compelled. Thus, because the Fifth Amendment only applies to compelled statements, the privilege is not implicated. *See Buchanan v. Kentucky*, 483 U.S. 402, 422-23 (1987) (when a defendant requests a psychiatric exam or presents expert testimony in support of a psychiatric defense, he has no Fifth Amendment privilege against the admission of statements made during the psychiatric exam); *State v. Mauro*, 159 Ariz. 186, 195 (1988) (holding that "the [F]ifth [A]mendment protections . . . are inapplicable" when a defendant asserts an insanity defense and requests the court appoint an expert to examine him); *State v. Smith*, 131 Ariz. 29, 34 (1981) ("Since the appellant was examined at his own request, the exposure which was invited was a clear waiver of constitutional guarantees.").

**¶12** Consistent with these principles, Arizona's rules and statutes governing mental health exams preserve a defendant's privilege against self-incrimination. *Cf. Hansen*, 215 Ariz. at 289 ¶ 7 (stating that when possible, rules, statutes and constitutional protections should be harmonized). Arizona Rule of Criminal Procedure 11.7 is "grounded in the [F]ifth [A]mendment," and provides that, absent waiver, a defendant's statements to a mental health expert are not admissible at trial. *Tallabas*, 155 Ariz. at 323. Similarly, A.R.S. § 13-4508(A) states that "[t]he privilege against self-incrimination applies to any [mental health] examination that is ordered by the court pursuant to this chapter."

**¶13** Arizona's rules and statutes also provide that a defendant may waive his self-incrimination privilege if he asserts an insanity defense. Rule 11.7(a) prohibits admission of a defendant's statements "unless the defendant presents evidence intended to rebut the presumption of sanity." Similarly, Rule 11.7(b)(1) provides that a defendant's statements about the pending charges are not admissible "without his [ ] consent." *See State v. Fitzgerald*, 232 Ariz. 208, 217 ¶ 44 (2013) (stating defendant waives privilege contained in Rule 11.7(b)(1) by placing his mental health at issue; by doing so "defendant consent[s] to" admission of his statements "for purposes of [Rule 11.7(b)(1)]"); *Tallabas*, 155 Ariz. at 325-26 (holding that a defendant who has an expert testify regarding an insanity defense thereby "consents" to the use of his statements for rebuttal under Rule 11.7(b)(1)); *see also* A.R.S. § 13-4508(B) (defendant's statements obtained during an examination are not admissible "unless the defendant presents evidence that is intended to

4

rebut the presumption of sanity"); A.R.S. § 13-3993(D) (requiring disclosure of a mental health expert's complete report "[i]f any mental disability defense is raised").

¶14　　　Finally, Rule 11.4 addresses disclosure of a defendant's statements made during court-ordered and noncompulsory exams. *Compare* Rule 11.4(a) (referring to "Reports of Appointed Experts"), *with* Rule 11.4(b) (referring to "Reports of Other Experts"). Under Rule 11.4(a), when a defendant undergoes a court-ordered exam, his statements to the examiner "shall be made available only to the defendant." In contrast, Rule 11.4(b), which applies to noncompulsory exams, provides that each party "shall make available to the opposite party . . . *all* written reports or *statements* made by them in connection with the particular case." *Id.* (emphasis added).

¶15　　　Relying on *Austin*, Rasmussen argues that to safeguard his privilege against self-incrimination, the redaction provision contained in Rule 11.4(a) should be read into Rule 11.4(b). *Austin*, 163 Ariz. at 400. We reject Rasmussen's argument. Rule 11.4(b), by its terms, does not refer to redacting a defendant's statements. The fact that such language is contained in Rule 11.4(a) but not in Rule 11.4(b) suggests the omission was intentional. *See City of Flagstaff v. Mangum*, 164 Ariz. 395, 398-99 (1990) ("Where the legislature uses a term within one statute and excludes it from another, the term usually will not be read into the provision from which it was excluded.").

¶16　　　Rasmussen also contends that Rule 11.7(b)(1) prohibits disclosure of his statements. We disagree. Here, Rasmussen waived the privilege contained in Rule 11.7(b)(1) by asserting an insanity defense. *See supra* at ¶ 13.

¶17　　　Rasmussen also argues that, as a policy matter, compelling defendants to disclose statements under Rule 11.4(b) will force defense counsel to make an untenable choice. On the one hand, if counsel seeks to investigate whether a defendant has a viable insanity defense, and retains an expert to assist in investigating that possibility, the defendant's potentially incriminating statements must be disclosed to the state. On the other hand, if counsel foregoes investigating an insanity defense in order to protect a defendant's incriminating statements from the state, the defendant may be deprived of asserting a viable defense. *Cf. Austin*, 163

Ariz. at 401 (stating that "counsel's duty to investigate the charges and prepare for trial are seriously impeded as a consequence of disclosing the names and reports of retained experts").

¶18         These concerns are unwarranted. The work product privilege protects disclosure of a defendant's statements to an expert retained solely for the purpose of trial preparation. *See* Ariz. R. Crim. P. 15.4(b)(1) (work product privilege); *see also* Ariz. R. Civ. Proc. 26(b)(4)(B) ("[A] party may not discover facts known or opinions held" by an expert retained for trial preparation "and who is not expected to be called as a witness at trial."). However, when a defendant asserts an insanity defense and lists a mental health expert as a trial witness, the work product privilege is waived, and his statements to the expert must be disclosed. *State ex rel. Corbin v. Ybarra*, 161 Ariz. 188, 191-93 (1989); *see* Ariz. R. Crim. P. 15.2(c)(2) (requiring defendant to disclose the names and examination reports of trial experts).

¶19         Although we hold that disclosure is required under Rule 11.4(b), this does not mean that all of Rasmussen's statements are admissible at trial. Such statements are only admissible to rebut his insanity defense, and are not admissible to prove his guilt. A.R.S. § 13-4508(B); *Cheever*, 134 S. Ct. at 601; *Buchanan*, 483 U.S. at 422-23; *Tallabas*, 155 Ariz. at 323-25; *cf.* Ariz. R. Evid. 403. We recognize there may be overlap between Rasmussen's statements about the offense and those relevant to his insanity defense. *Tallabas*, 155 Ariz. at 326. Nonetheless, the superior court must ensure that the State's use of Rasmussen's statements is "closely tailored" to rebutting his insanity defense. *Fitzgerald*, 232 Ariz. at 216-17 ¶¶ 39, 45; *see Cheever*, 134 S. Ct. at 603 (holding that a defendant's statements to an examiner are only admissible for the limited purpose of rebutting defendant's insanity evidence); *Tallabas*, 155 Ariz. at 325 (distinguishing between the admissibility of "statements relating to the issue of insanity from [inadmissible] statements wholly unrelated to that issue but tending to prove guilt").

¶20         We therefore hold that under Rule 11.4(b), a defendant who asserts an insanity defense and voluntarily undergoes a mental health exam must disclose a complete copy of his trial expert's report, including any statements made about the pending charges. Accordingly, we disapprove of *Austin* to the extent it holds that such statements must be redacted under Rule 11.4(b).

**CONCLUSION**

¶21        For the foregoing reasons, we vacate the opinion of the court of appeals, reverse the superior court's order denying the state's motion to compel, and remand the case to the superior court for further proceedings.