IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

THE HONORABLE MARGARET B. LABIANCA, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
Maricopa, *Respondent Judge*,

ROBERTO PEDRO, *Real Party in Interest*.

No. 1 CA-SA 22-0157
FILED 11-3-2022

Petition for Special Action from the Superior Court in Maricopa County
No. CR2019-130031
The Honorable Margaret LaBianca, Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Petitioner*

DuMond Law Firm PLLC, Phoenix
By Samantha DuMond
*Counsel for Real Party in Interest*

**OPINION**

Judge Paul J. McMurdie delivered the Court's opinion, in which Presiding Judge Brian Y. Furuya and Judge Jennifer B. Campbell joined.

**M c M U R D I E**, Judge:

¶1        The State petitions for special action review of the superior court's order denying its request to have the State's expert examine the defendant before an Arizona Rule of Evidence ("Rule") 404(c) hearing. We accept jurisdiction and grant relief in part, holding that if the court allows a defendant's expert to testify at an evidentiary hearing about the defendant's mental health based on that expert's examination of the defendant, the court must also allow the State's expert to examine the defendant upon request.

## FACTS AND PROCEDURAL BACKGROUND

¶2        A grand jury charged Roberto Pedro with multiple counts of sexual offenses against children. The State noticed its intent to admit evidence of other uncharged acts under Rule 404(b) and (c), including a psychologist who would testify that the other acts were close in time and similar to the charged acts. The court scheduled an evidentiary hearing, and Pedro responded by noticing his intent to call a psychologist as a rebuttal witness at the evidentiary hearing. The notice revealed the defense psychologist had independently examined Pedro and authored a psychosexual report stating that he found no paraphilia. Pedro asserted that he intended to offer the psychologist's psychosexual report and related testimony to rebut the State's assertion that the other acts provided a reasonable basis to infer Pedro "had a character trait giving rise to an aberrant sexual propensity to commit the offense[s] charged." Ariz. R. Evid. 404(c).

¶3        Based on Pedro's expert-witness notice, the State asked the court to order Pedro to submit to an interview by its expert. The State argued that Pedro had "placed his mental state at issue," entitling the State "to a fair opportunity to present its own evidence and rebut the defendant's evidence." After the briefing, the court denied the request, finding that Pedro "ha[d] not 'opened the door' so as to waive his Fifth Amendment protections." The State moved for reconsideration, which the court denied.

**¶4**          The State petitioned for special action review.

## DISCUSSION

**¶5**          We may accept special action jurisdiction when a party has no "equally plain, speedy, and adequate remedy by appeal" or if the issue is of statewide significance, a matter of first impression, or a pure question of law. *Phillips v. Garcia*, 237 Ariz. 407, 410, ¶ 6 (App. 2015) (quoting Ariz. R.P. Spec. Act. 1(a)). We accept jurisdiction here because the issue raised is a matter of first impression in the Rule 404(c) context, and the State has no adequate remedy by appeal. The issue also presents a pure question of law and is of statewide importance.

**¶6**          We will uphold the superior court's denial of a request for an expert examination of a defendant absent an abuse of discretion. *State v. Druke*, 143 Ariz. 314, 316 (App. 1984) (construing Ariz. R. Crim. P. 11); *State v. Bunton*, 230 Ariz. 51, 53, ¶ 5 (App. 2012) (same). But we are not bound by the superior court's conclusions of law, which we review *de novo*. *State v. Johnson*, 184 Ariz. 521, 523 (App. 1994). To determine whether the court erred here, we must balance the State's right to rebut the defendant's evidence with the defendant's Fifth Amendment protections against self-incrimination. *See Phillips v. Araneta*, 208 Ariz. 280, 281–82, ¶ 4 (2004); *see also* U.S. Const. amend. V; Ariz. Const. art. 2, § 10.

**¶7**          Although Arizona courts have not yet analyzed the issue in the Rule 404(c) context, our supreme court has undertaken this balancing in comparable situations. In *State v. Schackart*, the defendant sought to prove his lack of intent by calling a psychiatrist to testify at trial about the defendant's mental state during the crime. 175 Ariz. 494, 499 (1993). On the State's motion under Arizona Rule of Criminal Procedure ("Criminal Rule") 11,[1] the superior court ordered the defendant to submit to an examination by an appointed mental health expert. *Id.* The defendant argued that the order violated his right against self-incrimination. Still, the supreme court ruled "that a defendant who places his or her mental condition in issue and gives notice of an intention to rely on psychiatric testimony has 'opened the door' to an examination by an expert appointed

---

[1]          Criminal Rule 11.2 allows the court to order the defendant to submit to a mental health examination to determine competency to stand trial. Criminal Rule 11.8 allows the same to determine a defendant's mental health at the time of the offense.

on motion of the state." *Id.* at 500 (quoting *Riles v. McCotter*, 799 F.2d 947, 954 (5th Cir. 1986)).

**¶8** Our supreme court identified several federal cases holding that courts may compel defendants to submit to a psychiatric examination if they raise an insanity defense. *Schackart,* 175 Ariz. at 500*.* And although the defendant in *Schackart* "sought only to prove lack of intent," the court determined that "the reasoning of [the federal] cases nonetheless applies." *Id.* The court compared it "to the rule that a defendant who elects to testify at trial may not invoke the self-incrimination privilege to avoid cross-examination." *Id.* (citing *State v. Taylor*, 99 Ariz. 85, 90–91 (1965)). The court ultimately held "that ordering defendant to submit to a mental examination did not violate his privilege against self-incrimination," reasoning that "[t]o hold otherwise would deprive the state of the only adequate means to contest the conclusions of a defense psychiatric expert." *Id.* at 500–01.

**¶9** More recently, in *Phillips v. Araneta*, 208 Ariz. 280 (2004), our supreme court extended *Schackart*'s reasoning to the penalty phase in a capital trial. In *Phillips*, the defendant provided notice of an intent to call a neuropsychologist to testify during the sentencing hearing to present mitigation. 208 Ariz. at 281, ¶ 2. On the State's motion, the superior court required the defendant to submit to a mental health examination by the State's expert. *Id.* The defendant refused, so the superior court precluded the defendant from calling the neuropsychologist during the penalty phase. *Id.* at ¶ 3.

**¶10** On special action review, the supreme court applied *Schackart*'s reasoning, explaining that "the same considerations apply in both [the trial and sentencing] contexts" because "[i]n both instances, requiring a defendant to submit to a court-ordered mental examination often provides the only way . . . to ensure the state a meaningful opportunity to rebut the defendant's expert testimony." *Id.* at 283, ¶ 9.

**¶11** Here, the State did not make its request for a court-ordered interview of Pedro under Criminal Rule 11 as it did in *Phillips* and *Schackart*. Nor does the State have a statutory right to rebut evidence as it did in *Phillips*. *See* 208 Ariz. at 281, ¶ 4; A.R.S. § 13-751(D) (prosecution "shall be permitted" to rebut evidence at the sentencing hearing). That said, the Criminal Rules generally establish reciprocal discovery rights, which are "intended to further the concept that a defendant is not entitled to an unfair advantage in the presentation of his defense." *Cabanas v. Pineda ex rel. County of Maricopa*, 246 Ariz. 12, 19, ¶ 25 (2018) (citing *Druke*, 143 Ariz. at

318); *see, e.g.*, Ariz. R. Crim. P. 15.2(c) (defendant must disclose to the State any witnesses, experts, and expert reports); Ariz. R. Crim. P. 15.2(f) (defendant's disclosure obligation applies to materials within defendant's possession); Ariz. R. Crim. P. 15.2(g)(1) (court may order a defendant to disclose material or information that "the State cannot obtain the substantial equivalent [of] by other means without undue hardship"); *see also* Ariz. R. Crim. P. 15.1(h) (State must disclose rebuttal evidence.).

¶12　　　　Thus, the "meaningful opportunity" rationale identified in the *Schackart* and *Phillips* decisions applies equally to Rule 404(c). The State must have "a meaningful opportunity to rebut the defendant's expert testimony" at the hearing. *See Phillips*, 208 Ariz. at 283, ¶ 9. And because Pedro intends to offer the testimony and report of a psychologist who personally examined him, the State's only adequate means to contest the expert's conclusions is allowing the State's expert to examine Pedro.

¶13　　　　Pedro does not argue that the State lacks a right to rebut his evidence at the hearing, nor does he contest that he intends to rely on expert psychological testimony informed by his examination. Instead, he argues that the State first placed his mental health at issue by noticing evidence under Rule 404(c). He asserts he will offer the psychologist's testimony and report only in rebuttal.

¶14　　　　Generally, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Ariz. R. Evid. 404(a); *accord* Ariz. R. Evid. 404(b). But in Arizona, "[i]n a criminal case in which a defendant is charged with having committed a sexual offense, . . . evidence of other . . . acts may be admitted by the court if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged." Ariz. R. Evid. 404(c). As applicable here, three things are required for the proper admission of other act evidence under Rule 404(c):

> *First*, the trial court must determine that clear and convincing evidence supports a finding that the defendant committed the other act. *Second*, the court must find that the commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the charged sexual offense. *Third*, the court must find that the evidentiary value of proof of the other act is not substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or other factors mentioned in Rule 403 [as well as eight factors listed in Rule 404(c), "among others"].

*State v. Aguilar*, 209 Ariz. 40, 49, ¶ 30 (2004) (emphasis added; citations omitted).

**¶15**        Pedro contends that the State has the burden to prove that the other acts "provide a reasonable basis that when he allegedly committed the charged crimes . . . he 'had a character trait giving rise to an aberrant sexual propensity.'" And he argues that because the State must prove the existence of a mental or emotional character trait, he is not "raising this issue of his own accord."

**¶16**        Pedro misreads the rule. The State must first prove by clear and convincing evidence that Pedro committed the other acts. Ariz. R. Evid. 404(c)(1)(A); *State v. James*, 242 Ariz. 126, 130, ¶ 13 (App. 2017). Then, the court must find that the commission of those acts "provides a reasonable basis to infer" that Pedro had the character trait. Ariz. R. Evid. 404(c)(1)(B). In other words, "the other act evidence *must lead to a reasonable inference* that the defendant had [the] character trait." *Aguilar*, 209 Ariz. at 48, ¶ 27 (emphasis added). But the rule does not require the State to prove that the defendant had the character trait to admit the prior act evidence.

**¶17**        The necessary inference need not arise from a probe into the defendant's mental health. Instead, evidence of the other acts may be admitted on "the basis of similarity or closeness in time [to the charged offense], supporting expert testimony, or other reasonable basis that will support such an inference." *Aguilar*, 209 Ariz. at 48, ¶ 27 (quoting Ariz. R. Evid. 404 cmt. to 1997 amend.). So, a proffer of Rule 404(c) evidence does not inherently place a defendant's mental health at issue.

**¶18**        Pedro also argues that the State will place his mental health at issue by offering the testimony and report of the State's expert psychologist. The State's psychologist reviewed the evidence of the other acts but did not interview Pedro. In her report, the psychologist assumed the facts presented to her and concluded that the other acts allegedly committed were close in time and similar to the charged acts. But the psychologist made clear that she could not comment on the existence of any character traits or offer a diagnosis because she had not personally interviewed Pedro. Thus, the State did not place Pedro's mental health at issue because it provided no evidence of his personal mental health.

¶19　　　According to Pedro's expert notice, he intends to offer the testimony and report of a psychologist who personally examined him and found that he has no propensity toward pedophilia or another paraphilia. Unlike the State's evidence, which highlights the timing and nature of the other acts, Pedro offers evidence of his psychosexual health, placing his mental health at issue. And as he noted below, the evidence he intends to offer "can only be gleaned from a clinical professional."

¶20　　　As discussed, courts should not "deprive the state of the only adequate means to contest the conclusions of a defense psychiatric expert." *Schackart*, 175 Ariz. at 500. If Pedro intends to offer the psychologist's testimony and report grounded upon a personal examination, he opens the door to an expert examination by the State. *See id.* We thus hold that when a court allows a defendant at an evidentiary hearing to offer expert psychological testimony based on a personal examination of the defendant, the court must let the State's expert do the same. Because the superior court's order held otherwise, we vacate the order.

¶21　　　Finally, we note that by submitting to a mental health evaluation, Pedro does not waive his Fifth Amendment rights, and the court's order must protect Pedro's privilege against self-incrimination. *Phillips*, 208 Ariz. at 284, ¶ 14. The court's order must ensure "that no statement made by the defendant during the [interview], no testimony by the mental health expert based upon the defendant's statement, and no other fruits of the defendant's statements may be used by the prosecution or admitted into evidence against the defendant except on those issues on which" Pedro introduces the psychologist's testimony or report at the hearing or trial. *Id.; see also* Ariz. R. Evid. 104(c) (After a criminal defendant's request, the court must conduct a hearing on a preliminary question so the jury cannot hear it when a criminal defendant is a witness.) and (d) (A testifying criminal defendant on a preliminary question does not become subject to cross-examination on other issues in the case.).

¶22　　　Considering this opinion, we recognize that Pedro may withdraw his notice of intent to offer evidence of his psychosexual health. But if he intends to press forward with that evidence, the superior court must grant the State's request to allow its expert to interview Pedro.

**CONCLUSION**

**¶23**     We grant review, vacate the court's order denying the State's request to interview Pedro and remand for further proceedings consistent with this opinion.



AMY M. WOOD • Clerk of the Court
FILED:     AA